The next case is United States v. Martinez-Almaguer. Good morning, Your Honors. Judd Lanahan on behalf of the Appellant and Mr. Martinez-Almaguer. I think I have ten minutes and I would like to reserve two for Bob. Please watch the clock. Your Honor, the issue here is, I think, very straightforward and pretty much focused on whether or not this is harmless error. I don't think there's any dispute that it is error. The error is that at the time Mr. Martinez-Almaguer admitted on a guilty plea to reentry after deportation, he admitted to a specific deportation. He admitted to a deportation that occurred in 1990 and he was very clear at the time that that was the only deportation he was admitting to. And it was also very clear why that was the only deportation he was admitting to because the effect of subsequent deportations would have been after convictions for an aggravated felony and therefore it would have changed not only the guidelines but also the statutory maximum. And it was then disputed at sentencing, not that he had subsequent deportations, but it was disputed and is disputed now that those subsequent deportations cannot be used either to increase his guideline level or to increase the statutory maximum. Why don't our decisions in Zepeda, Martinez, and Covey and Sandoval just resolve this issue as harmless error? The warrants that were submitted were enough to resolve the issue of fact. Well, I mean obviously I've read those decisions and one is a plain error analysis, the other is whether or not it's preserved. I think in looking at the nature of the error, what is the nature of the error and what's the nature of the wrong? I was trying to give some examples. For example, let's assume someone admitted in a case to a specific, it was a drug possession case. They admitted to a specific quantity and said at the time I'm going to admit that I possessed this amount and then later on in sentencing more evidence came in. If the admission, however, is only limited to that particular one amount, I think that the nature of the error is that it not only increases what would be the guidelines, which of course we all know now are advisory, but would in this case as in a drug case as in Banuelos, which I cited in my opening brief, in this case it changes the statutory maximum. So it's more than just that it can be used. I think it's the nature of the harm is that the actual sentence itself is now increased beyond what's the statutory maximum and is now to 41 months. But I was trying to think of another example. Wait a minute. Before you run out the examples. Sure. Is it true that if the district judge looked at these two warrants, he could do exactly what he did and there'd be no error on appeal? Well, if it had been admitted to at a guilty plea. Well, they were admitted to. Your client admitted them according to the pre-sentence report. Well, not at the time he pled guilty. And that's a difference. No, no. We're talking about the October 92 and April 94 warrants of deportation. He never denied that those took place. He did not deny them at the time of sentencing, but at the time of his guilty plea when he actually admitted to facts on which he was going to be found guilty and the facts that would determine what would be his statutory maximum, he admitted to only one. And he disputed the use of the later ones at sentencing. So, I mean, the answer to your question is we did not factually dispute the existence of those when it came time, when these came up at sentencing. Okay. But in terms of the actual admission to acts that would subject him to a crime that had a specific statutory maximum, he admitted to only one. But what difference will that make if the warrants are there under our case law? Can't the trial judge consider them and impose exactly the same sentence? Well, under Zepeda, yes. Under Zepeda, yes. So how do we distinguish those cases? Well, I think the issue we have to say is that the nature of it can't be distinguished. It cannot be distinguished. I mean, ultimately, if you can't reconsider the decision, I suppose I will have to ask a larger panel of this court to do so. Unfortunately, as a mirror panel, we can't. No, I know. I mean, I know that's the paradigm we're in. But I think in looking at it, the reason I was trying to think of other examples, obviously, because I want to think of other examples that make me win, and I don't particularly want to find this one. But, for example, in this case, the guideline enhancement that took place in this case was, in fact, only fairly recently. Up until November of 2003, the actual prior conviction that he had could not be used to actually make it an aggravated felony. It would have given a four-level enhancement. It would not have given a 16-level enhancement. Well, let's assume that at the time he said, okay, I'm going to admit to a specific act, and then at sentencing, the district court judge uses, after this guideline comes in, it's an ex post facto violation, and imposes an increased sentence. And Mr. Martinez-Almaguer says, you can't use that. I'm not disputing that it exists. I'm not disputing that I, in fact, had an alien smuggling conviction, which now can be considered to increase my sentence. But legally, you can't use it. I don't see the difference. I mean, maybe this panel can't decide it, and I may be asking a larger panel of this court to do so. But it really, I think what Cepeda Martinez has done is said, well, there are categories of errors that really aren't all that harmful. And this is one. And it would be like, I mean, just to give an example, I think if it were an ex post facto violation, and one said, because you cannot consider this particular factor to increase my sentence under a constitutional principle, you can't increase it. I'm not going to dispute it exists. I'm just saying for sentencing, you can't consider it. And that's really what happened here. He admitted to a specific act. Later on in sentencing, there were facts that came in. He said, I'm not going to dispute that those exist. But because I didn't admit them, because under Apprendi and under the Fifth and Sixth Amendments, I did not admit to those facts. You can't increase the statutory maximum. So, I mean, Judge Wallace, you're right. I mean, under the paradigm of Cepeda, unless there can be figured out, and I, quite frankly, I'm supposed to figure out how to do this and give you suggestions on how to do it. But I think in that analysis, it's just saying there are sort of categories of errors that really aren't all that harmful. And therefore, they can sort of come out in the wash. And this is not one of them. This is one where if it is going to affect the statutory maximum, then it is really bound to what's admitted at the time, and you can't later sort of sneak these in at sentencing and say, well, okay, we're not disputing that these exist, but you didn't admit to them, but we're still going to increase your sentence anyway. You also said the sentence was unreasonable, argued that as a separate issue, which we don't have any cases that are going to stop your argument. Well, I think one can look at this. I think there were certain facts that I have yet to figure out what is now a reasonable and unreasonable sentence, actually. Anyway, but I think it does permit the court to look at this, and I think even the Supreme Court at some times has decided whether it is or isn't reasonable and whether or not it can even be reviewed. But I think under the facts and circumstances of the case, the age of the case, and the nature of it, and actually the fact that the sentence was being imposed under the calculation of guidelines in which it was based on an erroneous determination. It was based, I mean, if the court is going to find that this is a, it is an error, so the nature of the prejudice is not only that it increases the statutory maximum, but it was actually in the reasonableness of the application of the sentence, is affected by an error, and the error being that they are considering a factor that increased the statutory maximum in the guidelines. So on that basis, I would ask it to go back because it was based on a clear legal error. Thank you. Thank you. Good morning. Kyle Hoffman for the United States. At the risk of gilding the lily, I would offer a few words. Mr. Lanahan and I are in agreement, and I think everyone is in agreement, that error occurred. There was a Prendy error. There was a Colvian-Sandoval error. In a way, the district court can't be faulted since Colvian-Sandoval wasn't decided until well after the sentencing occurred in this case. Now, the error was the district court used a deportation that had neither been admitted nor proven beyond a reasonable doubt to a jury to increase the statutory maximum to 20 years. There's no doubt that that was error. The court has asked, well, why doesn't Zepeda-Martinez, why don't Zepeda-Martinez and Colvian-Sandoval decide this case? I would distinguish. Colvian-Sandoval doesn't really decide the case because there was no objection below, and it was plain error review. So Colvian-Sandoval alone doesn't decide the case. Zepeda-Martinez does. It controls, and I think Mr. Lanahan rightfully concurs with that. Zepeda-Martinez was a jury trial, right? It wasn't a plea agreement. I don't believe that's correct, Your Honor. Let me just check. No, he pleaded guilty. That's at 9-11, Zepeda-Martinez. Really, it is factually indistinguishable from the present case. And Judge Wallace asked a question earlier, which is essentially, isn't it enough that the district court here had the warrants of deportation? And I think that's right, that that would be enough. Once we reach the harmless error level of analysis, there are cases, the Hanna-Cardenas, I believe, is the case, that a warrant of deportation alone is enough to decide the matter. But that's not all we have here. We have not only the warrants of deportation, two of them, in front of the district court judge. We also have, this comes directly from Zepeda-Martinez and from Nader. Harmless error, if the court finds beyond a reasonable doubt that the result would have been the same, absent the error. If there's overwhelming and uncontroverted evidence, harmless error applies. And this is the part I would emphasize in response to Judge Wallace's question. The error is not harmless if the defendant contests the omitted element and if he raises evidence sufficient to support a contrary finding. So here we have, not only do we have the warrants of deportation, which I think, following up on Judge Wallace's question, would be enough by themselves. Here we have Mr. Lanahan, the defendant, didn't dispute at sentencing the accuracy, the reliability of the two deportations. And even in the appellate briefing, he didn't dispute the reliability of those deportations. So he hasn't contested the omitted elements, nor has he raised evidence sufficient to make a contrary finding. So it's kind of a nice question whether if you didn't have those and you just had the warrants of deportation, if that would be enough. But I don't even think we need to go there. It meets all of the elements of harmless error under Zepeda-Martinez, Nader, and so on. As to the second issue, I really do think the second issue, the reasonableness of the sentence just collapses back into the first because I think the basis of Mr. Lanahan's argument is essentially it was unreasonable because we've kicked it up beyond the two-year maximum. And for the reasons I've given, I don't think that's the case. So unless the Court has any further questions, I would submit no questions. Thank you. Thank you. Mr. Lanahan? No, I meant this in terms of 30 seconds. And I thank Judge Wallace for actually reviving what I think was actually the second issue. I mean, for example, if a court makes a decision, reasonableness, while I don't think you can actually analogize it to the abuse of discretion, is I think a very similar type of standard. If a court actually exercises discretion, while it is in fact under the basis of a clear legal error, which this is, then in fact it is an abuse of discretion. So in looking at this, in looking at the reasonableness, I think in determining whether or not the court actually was reasonably applying what was the law at the time, if in fact it is based on the consideration of a factor that should not have been considered and would exceed the statutory maximum, then it cannot be presumed to be reasonable. There is a basis to show that this is an error, and even though it would be a discretionary issue, while it was based on a clear legal error, it should be sent back for resentencing on that. And I wish I had to say this debate of Martinez didn't exist, but it does exist, so we may meet again, who knows, nine months from now if we have to reconsider this. Thank you. Thank you. This case is submitted.
judges: Wallace, Ikuta, Smith